UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER McNALLY,

              Petitioner,

   -vs-

PATRICK O'FLYNN,
MONROE COUNTY

             Respondent.
_____

**DECISION AND ORDER**
**No. 10-CV-00921(MAT)**

## I. INTRODUCTION

On November 15, 2010, *pro se* Petitioner Peter McNally ("Petitioner") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging judgments of conviction in Monroe and Wayne Counties.[1]  Dkt. No. 1.  By Order dated December 26, 2010, the claims asserted in the petition with respect to the Wayne County conviction were dismissed without prejudice, and Petitioner was directed to file an amended petition with respect to the claims asserted against the Monroe County conviction and to show cause why such petition should not be dismissed for failure to exhaust his state court remedies.  Dkt. No. 5.

Rather than complying with the Court's instructions set forth in the December 26, 2010 Order, Petitioner simply submitted

---

[1] Said petition did not segregate the grounds Petitioner was asserting against the Monroe and Wayne county convictions. Rather, the petition contained two separate lists, each asserting twenty-some grounds for habeas relief. See Dkt. No. 1 at p. 7, 11.

miscellaneous documentation showing that he filed a post-conviction motion, pursuant to N.Y. Crim. Proc. Law ("CPL") § 440.10, to vacate his Monroe County conviction on fifteen grounds. See Dkt. No. 12 at 18-19. Petitioner did not indicate the basis or disposition of that motion, and whether any appeal was taken therefrom. To the extent that Petitioner appeared to be attempting to demonstrate that he exhausted his state court remedies with respect to the habeas claims he wished to assert against the Monroe County conviction, the Court instructed Petitioner a second time to file an amended petition and to show cause why the petition should not be dismissed for failure to exhaust state court remedies. See Dkt. No. 14.

On June 28, 2012, Petitioner filed an amended petition with respect to the Monroe County conviction and attached a copy of a January 10, 2011 motion to vacate his Monroe County conviction, the People's opposition thereto, and the Monroe County court's denial of that motion. See Dkt. No. 17. The amended habeas petition lists the following twenty-seven grounds for habeas relief, several of which appear to be duplicative: (1) "[c]onviction obtained by plea of guilty that was unlawfully induced or not made voluntarily"; (2) "[p]rocedural due process rights: Grand Jury Notice served untimely - not afforded time to reply in both indictments"; (3) "Equal Protection - not afforded my Constitutional or my State rights in court"; (4) "[d]eliberate

indifference, failure to adequately train, supervise, D.A.s, A.D.As[,] police officers, supervisor liability"; (5) "[d]eliberate indifference/failure to adequately train and supervise; (6) "[m]alicious prosecution"; (7) "[s]upervisor liability"; (8) "[p]rocedural due process"; (9) "[c]onviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant"; (10) "[c]riminal solicitation of police officers, appointed attorneys, paid attorney, and A.D.A.s"; (11) "[e]vidence tampering"; (12) "[i]llegal evidence and perjured testimon[y] admitted into Grand Jury evidence in order to indict"; (13) "[f]raud/supervisor liability"; (14) "[e]qual protection"; (15) "[p]rior felony plea unconstitutionally obtained"; (16) "[w]itness tampering"; (17) "[r]ight to a fair trial"; (18) "[d]enial of right to appeal"; (19) "[d]enial of effective counsel"; (20) "[c]onspiracy"; (21) "[c]over up"; (22) "[o]bstruction of justice"; (23) "[c]r[uel] and unjust punishment"; (24) "[t]o access legal counsel - my phone calls monitored"; (25) "[t]o access the media - my phone calls monitored at jail"; (26) "[p]rejudicial treatment"; and (27) "[n]egligence, professional negligence, gross negligence." Amended Pet. ¶ 22A-D (Grounds One-Four), p 8A (Grounds 5-27) (Dkt. No. 17).

For the reasons that follow, the amended habeas petition (Dkt. No. 17) is summarily dismissed.

**II.  DISCUSSION**

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules"), requires a petitioner to, "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]" See also 28 U.S.C. § 2242 (an application for a writ of habeas corpus "shall allege the facts concerning the applicant's commitment or detention . . ."). Under Rule 4 of the Habeas Rules, a district court may summarily dismiss a petition where the allegations contained therein are "patently frivolous or false, or vague or conclusory or palpably incredible." Dory v. Comm'r of Corr., 865 F.2d 44, 45 (2d Cir. 1989) (internal quotation marks and citations omitted).

In this case, the amended habeas petition contains twenty-seven grounds that do not state a ground for habeas relief or are frivolous.  The Court has painstakingly reviewed the amended petition and the accompanying documentation in support thereof, and finds that all of Petitioner's claims are either vague and conclusory, based on opinion and speculation, or are not germane in the context of an application for habeas relief.  The Court specifically cautioned Petitioner in its December 26, 2010 Decision and Order that, "[i]n preparing his amended petition, [P]etitioner is advised that while the court is mindful of its duty to construe liberally the pleadings of a *pro se* habeas corpus petitioner, the

5

court may summarily dismiss claims asserted therein which fail to state a claim or which are frivolous or palpably incredible." Dkt. No. 5 at p. 4 (citations omitted). Petitioner appears not to have heeded the cautionary instruction of the Court in preparing his amended petition, as he has submitted -- in the same discombobulated manner in which he submitted the initial habeas petition -- a lengthy list of grounds for relief, "accompanied by a veritable grab-bag of handwritten and typed allegations of, e.g., fact, case citations and complaints about his attorney." Dkt. No. 5 at p. 2. Accordingly, because none of the twenty-seven grounds set forth in the amended habeas petition state a ground for habeas relief or are frivolous, the amended habeas petition is summarily dismissed. See e.g., Welch v. Mukasey, 589 F.Supp.2d 178, 183 (N.D.N.Y. 2008) (summarily dismissing amended habeas petition where petitioner failed to state a claim upon which relief could be granted); Shire v. Costello, 9:07-CV-285(TJM), 2008 U.S. Dist. LEXIS 43300, *25 (N.D.N.Y. June 2, 2008) (summarily dismissing habeas claims because they "are vague and unsupported by any factual allegations or evidence . . . .") (citing cases); Meister v. N.Y. State AG, No. 06-cv-0090, 2007 U.S. Dist. LEXIS 98605, *17-18 (W.D.N.Y. Sept. 6, 2007) (summarily dismissing habeas petition where "Court cannot discern from the vague, disjointed rambling writings in [documents submitted in support thereof] any colorable factual or legal basis for habeas relief."), *report and*

*recommendation adopted by* 2007 U.S. Dist. LEXIS 98037 (W.D.N.Y. Sept. 26, 2007).

**III. CONCLUSION**

The amended habeas petition (Dkt. No. 17) is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

Further, it is ordered that the Clerk of the Court mail a copy of this Order to the District Attorney of Monroe County and to the

Office of the State Attorney General, Federal Habeas Unit to advise of the disposition of this case.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     August 6, 2012
           Rochester, New York